IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| XAVIER FLORES,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>HILLARY DIANE RODHAM CLINTON; UNITED STATES OF AMERICA,<br><br>　　　　Defendants. | CIVIL NO. 16-00573 DKW-KJM<br><br>**ORDER (1) DISMISSING COMPLAINT; (2) DENYING AS MOOT APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES OR COSTS; (3) DENYING MOTION FOR RESTRAINING ORDER; AND (4) DENYING ALL OTHER PENDING MOTIONS** |

**ORDER (1) DISMISSING COMPLAINT; (2) DENYING AS MOOT APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES OR COSTS; (3) DENYING MOTION FOR RESTRAINING ORDER; AND (4) DENYING ALL OTHER PENDING MOTIONS**

**INTRODUCTION**

On October 24, 2016, Plaintiff Xavier Flores, proceeding pro se, filed a Complaint, Application to proceed *in forma pauperis* ("IFP Application"), Motion for Restraining Order ("Motion for TRO"), and numerous motions seeking miscellaneous forms of relief.[1]  The Complaint attempts to assert claims against the

---

[1] The motions include: Motion For A Lawyer/Attorney (Dkt. No. 3); Motion To Prepare To Receive, Store, Safeguard Disclosure Of Classified: Top Secret Information And U.S. National Security Matter Data (Dkt. No. 4); Motion To Seal Due To Classified: Top Secret And U.S. National Security Matter (Dkt. No. 5); Motion For Protective Order To Xavier Flores (Dkt. No. 6);

United States of America and former Secretary of State Hillary Rodham Clinton seeking compensation based on Flores' prior work as "Acting U.S. President," pursuant to a "Tentative Work Agreement." Because Flores' claims are barred by the doctrine of sovereign immunity and do not otherwise state a claim for relief, the Court DISMISSES the Complaint with prejudice, DENIES the IFP Application as moot, DENIES his Motion for TRO, and DENIES his remaining motions.[2]

## DISCUSSION

Because Flores is appearing pro se, the Court liberally construes his filings. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) ("The Supreme Court has instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants.") (citing *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam)). The Court recognizes that "[u]nless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995); *see also Crowley v. Bannister*, 734 F.3d 967, 977-78 (9th Cir. 2013). The Court notes that, although he is proceeding pro se, Flores is more than familiar

---

Motion to Waive My Rights To A Speedy Trial (Dkt. No. 7) and; Motion For Service By the U.S. Marshal (Dkt. No. 8).

[2] Pursuant to Local Rule 7.2(d), the Court finds these matters suitable for disposition without a hearing.

with his federal court filing and pleading responsibilities, given his numerous prior actions.[3]

## I. Motion for TRO

A court may issue a TRO without written or oral notice to the adverse party only if the party requesting the relief provides an affidavit or verified complaint providing specific facts that "clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed.R.Civ.P. 65(b)(1)(A). Flores makes no attempt at satisfying this burden. He has not provided any specific, credible facts establishing that immediate and irreparable injury, loss, or damage will result to anyone. Indeed, neither the Motion nor the Complaint establishes any plausible likelihood of

---

[3]Flores has filed several frivolous actions in this district within the past year, which allege similar claims against the United States and its agencies, relating to his "Tentative Work Agreement." *See, e.g., Flores v. Brady*, Civil No. 15-408 DKW-RLP; *Flores v. FBI*, Civil No. 15-515 DKW-RLP; and *Flores v. U.S. Dep't of Justice*, Civil No. 15-00538 HG-RLP. The complaint in Civil No. 15-408 DKW-RLP alleged that: "This action is against my work agreement. . . . It's been my experience that when these public officials action therein [sic], are a result of them conspire to do harm and questionable intents." *Flores v. Brady*, Civil No. 15-408 (Dkt. No. 1). The Court dismissed that complaint for lack of subject matter jurisdiction and explained to Flores that the federal defendants were immune from suit and that his allegations lacked facial plausibility. Civil No. 15-408 DKW-RLP (Dkt. No. 6; 10/14/15 Order). Flores alleged in Civil No. 15-515 DKW-RLP that he has a "Tentative Work agreement" with "the U.S. Government and the U.S. Business Community," and that the "DOJ-National Security Department should have a copy." Civil No. 15-515 DKW-RLP (Dkt. No. 1). The Court again dismissed that complaint, which Flores appealed. Civil No. 15-515 DKW-RLP (Dkt. No. 4; 12/15/15 Order); (Dkt. No. 8; Notice of Appeal). *See also* Civil Nos. 16-00009 DKW-RLP; 16-00225 LEK-KJM; 16-00561 LEK-KSC; and 16-00579 DKW-KSC.

irreparable injury. Flores also failed to certify in writing any efforts made to give notice to defendants or the reasons why notice should not be required before a TRO is considered or issued. *See* Fed.R.Civ.P. 65(b)(1)(B). Nor has Flores made any effort to demonstrate that notice is impossible or fruitless, as required for an ex parte TRO. *Reno Air Racing Ass'n v. McCord*, 452 F.3d 1126, 1131 (9th Cir. 2006) (finding that a TRO was improperly issued because notice to the adverse party was neither impossible nor would it render the action fruitless).

Moreover, even if defendants did have notice of the TRO, Flores fails to meet the substantive burden to justify the remedy he seeks. The Motion for TRO states in full:

> Due to Hillary Diane Rodham Clinton['s] access to resources and her 30 years in office of which she has learn/network [sic] with a wide range of people. This restraining [order] will be in effect to all her associates, spousers [sic], co-workers, prior (U.S.S.S.) United States Service agents, etc. Restraining order is define [sic] no action and contact against Xavier Flores.

Dkt. No. 2.

The standard for issuing a temporary restraining order is identical to the standard for issuing a preliminary injunction. *See, e.g., Hawaii v. Gannett Pac. Corp.*, 99 F. Supp. 2d 1241, 1247 (D. Haw. 1999). A "plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that

4

he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008) (citation omitted). "That is, 'serious questions going to the merits' and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *Alliance for Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011). *Winter* emphasized that plaintiffs seeking preliminary relief must demonstrate that "irreparable injury is likely in the absence of an injunction." 555 U.S. at 22; *see also Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009).

As discussed below, Flores fails to state either a claim upon which relief may be granted or a legitimate basis for this Court's subject matter jurisdiction. In short, nothing in the Motion for TRO or Complaint demonstrates any past or imminent future injury to Flores caused by defendants sufficient to justify the relief sought. The allegations in the Complaint and Motion for TRO present no serious question that he is in danger of irreparable injury, that the balance of equities tips in his favor, or that an injunction is in the public interest. *Alliance for Wild Rockies*, 632 F.3d at 1135. Accordingly, the Motion for TRO is DENIED.

## II. The Complaint Is Dismissed With Prejudice

Upon review of the Complaint, the Court finds that Flores fails to establish this Court's jurisdiction over this matter and to state a claim upon which relief may be granted. As discussed below, even liberally construed, the Complaint fails to state any discernible basis for judicial relief.

### A. Standard of Review

The Court subjects each civil action commenced pursuant to Section 1915(a) to mandatory screening and can order the dismissal of any claims it finds "frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (stating that 28 U.S.C. § 1915(e) "not only permits but requires" the court to *sua sponte* dismiss an *in forma pauperis* complaint that fails to state a claim); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) (holding that "the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners").

The Court recognizes that "[u]nless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995); *see also Crowley v. Bannister*, 734

F.3d 967, 977-78 (9th Cir. 2013). Nevertheless, the Court may dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief can be granted[.]" A Rule 12(b)(6) dismissal is proper when there is either a "'lack of a cognizable legal theory or the absence of sufficient facts alleged.'" *UMG Recordings, Inc. v. Shelter Capital Partners, LLC*, 718 F.3d 1006, 1014 (9th Cir. 2013) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)). A plaintiff must allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Weber v. Dep't of Veterans Affairs*, 521 F.3d 1061, 1065 (9th Cir. 2008). This tenet -- that the court must accept as true all of the allegations contained in the complaint -- "is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. Accordingly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555); *see also Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011) ("[A]llegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively.").

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). Factual allegations that only permit the Court to infer "the mere possibility of misconduct" do not show that the pleader is entitled to relief as required by Rule 8. *Id.* at 679.

B.     **The Complaint Fails To State A Claim**

Even given a liberal construction, the allegations in the Complaint fail to state any sort of claim against any defendant.  As to each claim, the Complaint fails to allege a cognizable legal theory or provide sufficient factual content to enable the Court to draw the reasonable inference that any defendant is liable for the misconduct alleged.

The Complaint alleges, in part:

> 1)     Plaintiff, Xavier Flores files its complaint against Hillary Diane Rodham Clinton who at the time was Secretary of State for the United States of America because of misuse of my intellectual property against all "Good Faith" terms.
>
> ****
>
> 6.     Defendant, the United States of America who should have access to my records as per my security measures as stated in my Tentative Work Agreement established around 2009-2010.

8

> ****
>
> At the time I knew and understood the context and language of I.P. – Intellectual Property.   I began to learn, discharge, and exercise much of the powers of a U.S. President over issues, situation, and others, which led me to write what became known as my "Tentative Work Agreement.   This agreement in its entirety protects my properties, my freedom to exist – life, liberty, and pursuit of happiness; and most important the interest of the United States of America.   For example, COG – Continuity of Government and having a "qualified individual" run the country.
>
> One of the agreement set forth for use of my intellectual property is to use in "good faith" or "good cause."   Erasing email is not in "good faith" or "good [cause]" and thereby leaves me no choice to take action such as these Court proceeding.   Both you Mrs. Clinton and the U.S. Government and the general have been compensated to great degree because of my work.
>
> ****
>
> As a relief for this complaint, I need to be compensated from Hillary Diane Rodham Clinton sixty million U.S. dollars for breaking the "good faith" work agreement.   Good faith agreement was established via [an] email communication which will need to be subpoenae[d].
>
> The U.S. government will pay in increase of 8 trillion U.S. Dollars in addition to the 2.5 trillion owed.   This increase adheres to the enforcement clause number 18 on the work agreement and number 5-Patent owner cannot place patent user out of business.

Complaint at 1-3, 7.

First, despite the Court's prior instructions, Flores again brings claims for damages against the United States itself, based upon on his alleged "Tentative Work Agreement" with the government. "The United States is a sovereign and, as such, is immune from suit without its prior consent." *Hutchinson v. United States*, 677 F.2d 1322, 1327 (9th Cir. 1982). Any such waiver "cannot be implied, but must be unequivocally expressed." *Gilbert v. DaGrossa*, 756 F.2d 1455, 1458 (9th Cir. 1985). "Where a suit has not been consented to by the United States, dismissal of the action is required." *Id.*; *Hutchinson*, 677 F.2d at 1327. "[T]he existence of such consent is a prerequisite for jurisdiction." *Gilbert*, 756 F.2d at 1458 (quoting *United States v. Mitchell*, 463 U.S. 206, 212 (1983)). As was the case in his prior actions against the United States, no such consent to suit exists here.

Flores also fails to state a claim for monetary damages against Secretary Clinton for any conduct undertaken in her official capacity as Secretary of State. A claim for damages against Secretary Clinton in her official capacity is considered an action against the United States. *Sierra Club v. Whitman*, 268 F.3d 898, 901 (9th Cir. 2001). Indeed, all of the allegations appear to be for official conduct undertaken in her role as Secretary of State. Because there is no evidence or allegation that the United States has waived its sovereign immunity in the circumstances presented here, the Court lacks subject matter jurisdiction over the

official-capacity claims against Secretary Clinton. *Hodge v. Dalton*, 107 F.3d 705, 707 (9th Cir. 1997).

Second, even assuming the absence of immunity, Flores fails to state a claim for violation of copyright laws based upon the alleged "Tentative Work Agreement." From what the Court can discern, Flores alleges that Secretary Clinton and/or the United States "misuse[d] [his] intellectual property" in violation of unspecified "U.S. Copyright Act laws." Complaint at 1. Although these allegations are impermissibly vague and lack the factual details necessary, it is evident that Flores fails to state a claim for copyright infringement. A copyright infringement claim has two elements: (1) plaintiff's ownership of a valid copyright, and (2) defendant's copying of constituent elements of the work that are original. *See Feist Publ'ns v. Rural Tel. Serv. Co., Inc.,* 499 U.S. 340, 361 (1991). The Complaint alleges neither element. Nor does Flores establish that the government violated any purported patent granted to him. *See* 35 U.S.C. § 271 (patent infringement and misuse); *see also Flores v. United States of Am. Dep't of Justice*, 2016 WL 3149643, at *2 (D. Haw. June 1, 2016) (Dismissing as frivolous Flores' intellectual property claims because "he has not identified any legal authority that supports his demand for either $10 million to work [based on] the intellectual property laws or his demand for $40-50 million to dismantle ISIS."). Accordingly,

11

no claim under federal copyright or patent laws is supported by the allegations in the Complaint.

Based on even the most liberal construction of his allegations, Flores has identified no source of any legal right that would entitle him to any relief against Secretary Clinton in her official or individual capacity or against the United States. His allegations are manifestly frivolous.[4]

### C. Amendment Would Be Futile

Because (1) defendants are immune from suit, and (2) because Flores has failed to assert a plausible, non-frivolous claim for relief, the Court finds that granting Flores leave to amend his Complaint would be futile—no amendment would remedy his inability to assert these claims.

---

[4] Nor has Flores met his burden of establishing this Court's subject matter jurisdiction. At the pleading stage, a plaintiff must allege sufficient facts to show a proper basis for the Court to assert subject matter jurisdiction over the action. *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936); *Johnson v. Columbia Props. Anchorage, L.P.*, 437 F.3d 894, 899 (9th Cir. 2006); Fed. R. Civ. P. 8(a)(1). Although Flores asserts federal question jurisdiction under "the U.S. Constitution – Article I, Section 8, clause 8, the Patent and Copyright Clause," and under "U.S. Copyright Act laws," Complaint at 1, he fails to properly invoke Section 1331 jurisdiction by pleading "a colorable claim 'arising' under the Constitution or laws of the United States." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 513 (2006). A claim is not colorable if: (1) the alleged claim under the Constitution or federal statutes appears to be immaterial and made solely for the purpose of obtaining jurisdiction; or (2) such a claim is wholly insubstantial and frivolous. *Bell v. Hood*, 327 U.S. 678, 682 (1946). As discussed herein, his frivolous allegations of copyright or intellectual property violations do not establish claims that arise under federal law so as to create federal question jurisdiction. Flores does not allege sufficient factual matter, accepted as true, in support of any federal claim that is plausible on its face. *Iqbal*, 556 U.S. at 678. Moreover, he fails to allege facts to support the exercise of this Court's diversity jurisdiction, which applies "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1).

The Court is mindful that "[u]nless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995). "A district court, however, does not abuse its discretion in denying leave to amend where amendment would be futile." *Flowers v. First Hawaiian Bank*, 295 F.3d 966, 976 (9th Cir. 2002); *see also Sisseton-Wahpeton Sioux Tribe v. United States*, 90 F.3d 351, 356 (9th Cir. 1996) (affirming the district court's denial of leave to amend "[b]ecause the proposed claim would be redundant and futile").

While the Court acknowledges that pro se complaints are to be liberally construed, and pro se plaintiffs are ordinarily entitled to at least one opportunity to amend a defective complaint, the Court's dismissal in this instance is WITH PREJUDICE. The Court has informed Flores on several occasions that these types of claims against the United States and its agents are frivolous. Consequently, given the Court's dismissal based on immunity and frivolity grounds, the Court finds that Flores cannot amend the Complaint to overcome the bases on which this suit is barred. Under the circumstances and given the gravamen of the claims, it would be futile to allow amendment. *See, e.g., Heilman v. Sanchez*, 583 F. App'x 837, 839-40 (9th Cir. 2014) (holding that "the district court did not abuse its

13

discretion by refusing to grant leave to amend because those aspects of the complaint could not be cured by amendment") (citing *Weilburg v. Shapiro*, 488 F.3d 1202, 1205 (9th Cir. 2007)); *Shiraishi v. United States*, 2011 WL 4527393, at *8 (D. Haw. Sept. 27, 2011) ("Given the court's dismissal based on jurisdictional and immunity grounds, . . . Plaintiff plainly cannot amend his Complaint to overcome the multiple grounds on which his suit is barred.").

### III.   The Remaining Motions Are Denied

Finally, with respect to Flores' request for the appointment of counsel (Dkt. No. 3), the Court, in its discretion, "may appoint counsel . . . only under 'exceptional circumstances.'" *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *see also Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984).  "A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits [and] the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." *Terrell*, 935 F.2d at 1017 (citation omitted). Neither factor is dispositive and both must be viewed together before reaching a decision on a request for counsel. *Id.* In most cases, however, the Court cannot expend public resources to provide plaintiffs with counsel. *See McCue v. Food Pantry, Ltd.*, 2008 WL 852018, at *3 (D. Haw. Mar. 28, 2008). The present action does not support the appointment of counsel. As noted above, the

Complaint lacks plausibility and is unlikely to succeed on the merits. The current Complaint not only fails to state a claim, but fails to establish a jurisdictional basis on which this Court may proceed. At this preliminary stage, the Court is not able to adequately evaluate the ability of Flores to articulate his claims pro se, beyond his apparent ability to read, write and access the courts repeatedly. Moreover, there is no presumptive right to appointed counsel in civil proceedings that do not threaten a litigant with loss of physical liberty, and no such threat is presented in this case. *Lassiter v. Dep't of Soc. Servs.,* 452 U.S. 18, 26-27 (1981). Accordingly, because "exceptional circumstances" do not exist here, the request for the appointment of counsel is DENIED.

In light of the Court's dismissal of all claims with prejudice, the IFP Application (Dkt. No. 9) and the remaining pending motions are DENIED as moot. *See* Motion To Prepare To Receive, Store, Safeguard Disclosure Of Classified: Top Secret Information And U.S. National Security Matter Data (Dkt. No. 4); Motion To Seal Due To Classified: Top Secret And U.S. National Security Matter (Dkt. No. 5); Motion For Protective Order To Xavier Flores (Dkt. No. 6); Motion to Waive My Rights To A Speedy Trial (Dkt. No. 7); Motion For Service By the U.S. Marshal (Dkt. No. 8).

## **CONCLUSION**

Based upon the foregoing, the Complaint is DISMISSED without leave to amend, the IFP Application is DENIED as moot, the Motion for TRO is DENIED, and the balance of the pending motions are likewise DENIED as moot.

The Clerk's Office is directed to close the case file.

IT IS SO ORDERED.

Dated: November 3, 2016 at Honolulu, Hawai'i.



Derrick K. Watson
United States District Judge

---

*Flores v. Clinton, et al.*; Civil No. 16-00573 DKW-KJM; **ORDER (1) DISMISSING COMPLAINT; (2) DENYING AS MOOT APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES OR COSTS; (3) DENYING MOTION FOR RESTRAINING ORDER; AND (4) DENYING ALL OTHER PENDING MOTIONS**